IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-568-BO-BM

| | |
|---|---|
| JEFFREY WAYNE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CREATIVE WEBSITE STUDIOS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the order and memorandum and recommendation ("M&R") of United States Magistrate Judge Brian S. Meyers [DE 84]. Plaintiff has timely filed objections [DE 86] and the matter is ripe for disposition. The M&R recommends that plaintiff's second motion for summary judgment [DE 63] be denied without prejudice. For the reasons that follow, the memorandum and recommendation is adopted in full.

BACKGROUND

On October 11, 2023, plaintiff Jeffrey Wayne Phillips, proceeding *pro se*, filed a complaint against defendants Creative Website (CW) Studios and SR Telecommunications for fraud, obtaining property by false pretense, and breach of contract arising out of defendants' hosting and subsequent removal of Plaintiff's business website.[1] [DE 1] at 2-3. The complaint was subsequently amended multiple times with leave of the court. [DE 20]; [DE 24]; [DE 41] at 2. On February 13, 2024, plaintiff filed his first motion for summary judgment. [DE 31]. On July 24, 2024, Magistrate Judge Meyers entered a memorandum and recommendation [DE 42]

---

[1] Plaintiff's complaint also included a claim for extortion and claims against Saira Ali. [DE 1, pp. 1-3]. The extortion claim and all claims against Ms. Ali were dismissed by the court in response to defendants' motion to dismiss. [DE 47, pp.2-3].

recommending that plaintiff's first motion for summary judgment [DE 31] be denied. Chief U.S. District Judge Richard E. Myers II adopted the recommendation and denied the first motion for summary judgment. [DE 48] at 2.

On December 16, 2024, plaintiff filed a second motion for summary judgment. [DE 63]. On August 5, 2025, Magistrate Judge Meyers issued an order and memorandum and recommendation considering plaintiff's second motion for summary judgment. [DE 84]. The following motions were also considered in Magistrate Judge Meyers' order and memorandum and recommendation: plaintiff's second motion to amend his complaint [DE 51]; defendants' Rule 26(f) motion [DE 54]; [DE 55]; plaintiff's report of the parties' Rule 26(f) meeting [DE 56]; plaintiff's motion for working pretrial conference [DE 71]; defendants' motion to compel discovery [DE 73]; defendants' motion for sanctions [DE 76]; and plaintiff's third motion to amend [DE 80]. Magistrate Judge Meyers recommends denial of plaintiff's second motion for summary judgment because plaintiff failed to produce any compelling arguments why the reasons for denying plaintiff's first motion for summary judgment would not apply with equal force to his second motion for summary judgment. [DE 84] at 22. Magistrate Judge Meyers also finds that certain issues, relevant to the merits of the case, might be further illuminated through discovery, which had not yet completed. [DE 84] at 23-24. With respect to the other motions, Magistrate Judge Meyers denied plaintiff's second motion to amend [DE 51]; denied as moot defendants' Rule 26(f) motion [DE 54]; denied without prejudice plaintiff's motion for a working pretrial conference [DE 71]; granted in part and denied in part defendants' motion to compel [DE 73]; denied defendants' motion for sanctions under Rule 11 [DE 76]; and denied plaintiff's third motion to amend [DE 80].

Plaintiff's objections relate exclusively to the second motion for summary judgment. [DE

86, p. 1]. Plaintiff objects to the denial of his second motion for summary judgment because justice so required, he is not barred from appealing to the court of appeals, and the court may have overlooked a crucial fact in the case. [DE 86] at 1. Specifically, plaintiff argues that the court may have overlooked defendants' lack of authority to transact business in North Carolina, which allegedly undermines their capacity and credibility to enter contracts as alleged. [DE 86] at 5. Plaintiff contends that defendants have failed to properly respond to his discovery requests. [DE 86] at 4. Plaintiff finally claims that the court may have overlooked the terms of the contract and plaintiff's reasonable reliance thereon, as well as defendant's refusal to provide any factual support for their denials or affirmative defenses. [DE 86] at 5.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F .3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(l); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460-61 (4th Cir. 2023).

Plaintiff argues that because defendants lack authority to transact business in North Carolina, the court should have granted his breach of contract claim. [DE 86] at 5. Even assuming that defendants lacked authority to do business in North Carolina, North Carolina law provides that a foreign corporation's failure "to obtain a certificate of authority does not impair the validity

3

of its corporate acts," including entering contracts. N.C.G.S. § 55-15-02(e); *Springwall, Inc. v. Timeless Bedding*, Inc., 207 F. Supp. 2d 410, 420 (M.D.N.C. 2002) ("[T]he validity of contracts is not impacted by the existence, or lack thereof, of a Certificate of Authority.").

To the extent that plaintiff believes that defendants have failed to comply with their discovery obligations under Federal Rule of Civil Procedure 26, the appropriate remedy would have been to file a motion to compel or other discovery motion, rather than a motion for summary judgment. Fed. R. Civ. P. 37(a); *Chisolm v. Moultrie*, Civil Action No. 4:21-3506-BHH-TER, 2023 U.S. Dist. LEXIS 33971, at *2-3 (D.S.C. Feb. 28, 2023) ("Because [Plaintiff] did not avail himself of the remedies provided by the Federal Rules of Civil Procedure for obtaining these documents during the applicable discovery period, the court cannot say that Plaintiff has been diligent in pursuing the discovery he now seeks.").

Plaintiff's remaining arguments fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F .3d 310, 315 (4th Cir. 2005). Finding no clear error, plaintiff's objections are overruled and the recommendation is adopted.

4

Case 5:23-cv-00568-BO-BM    Document 101    Filed 09/30/25    Page 4 of 5

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the memorandum and recommendation are OVERRULED. The memorandum and recommendation [DE 84] is ADOPTED IN FULL. Plaintiff's second motion for summary judgment [DE 63] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this **30** day of September, 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE