IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-568-BO-BM

| | | |
|---|---|---|
| JEFFREY WAYNE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CREATIVE WEBSITE STUDIOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on the order and memorandum and recommendation ("M&R") of United States Magistrate Judge Brian S. Meyers [DE 126]. Plaintiff has timely filed objections [DE 127] and the corporate defendants have failed to respond within the time provided. In this posture, the matter is ripe for disposition. The M&R recommends that defendants' motion for summary judgment be denied as untimely and that the Court enter summary judgment pursuant to Fed. R. Civ. P. 56(f) on plaintiff's remaining claims. For the reasons that follow, plaintiff's objections are overruled and the M&R is adopted in full.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this action as recited in its order entered September 30, 2025. [DE 101]. The Court further incorporates the factual and procedural background of this matter as recited in the M&R. [DE 126] §§ I(A)-(B). In summary, on January 2, 2026, after the dispositive motions filing deadline had passed, defendants Creative WebSite Solutions and SR Telecommunications

("defendants")[1] moved for summary judgment pursuant to Fed. R. Civ. P. 56. [DE 112]. Plaintiff responded in opposition [DE 113], was thereafter notified of his right to respond, [DE 119], and filed a second response in opposition. [DE 120]. On March 25, 2026, counsel for defendants was permitted to withdraw. [DE 124]. Defendants were ordered to cause new counsel to appear by April 24, 2026, *id.*, but no counsel has appeared on behalf of defendants.

In the M&R, Magistrate Judge Meyers recommends that the Court deny defendants' motion for summary judgment as untimely, grant summary judgment in defendants' favor pursuant to Fed. R. Civ. P. 56(f) on plaintiff's fraud claims, plaintiff's claim for obtaining property by false pretenses, the issue of consequential damages, and the issue of punitive damages. Magistrate Judge Meyers further recommends that the Court grant summary judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 56(f) on plaintiff's breach of contract claim. Finally, Magistrate Judge Meyers recommends that the Court order additional briefing on the issue of direct damages for breach of contract, up to a maximum of $1,034.00. [DE 126] at 31-32.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(l); Fed R. Civ. P. 72(b)(3). "[W]hen reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar,* 66 F.4th 454, 460-61 (4th Cir. 2023). A *pro se* party's objections must still be made "with

[1] Defendant Saira Ali was dismissed by order entered September 24, 2024. [DE 47].

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 460 (quoting *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007)). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff objects generally to the grant of summary judgment in defendants' favor on any issue or claim. This general objection does not sufficiently alert the Court to the grounds for the objection, even when construed liberally. Plaintiff specifically objects to the recommendation that summary judgment be granted to defendants on plaintiff's fraud claims, and his obtaining property by false pretenses claim, and the issue of consequential damages. The Court considers the portions of the M&R to which plaintiff specifically objects *de novo*.

A claim for fraud under North Carolina law requires a plaintiff to show "(1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). "Additionally, any reliance on the allegedly false representations must be reasonable." *Forbis v. Neal*, 361 N.C. 519, 527 (2007). While whether a party's reliance is reasonable is often a question for the jury, summary judgment is appropriate where "the facts are so clear that they support only one conclusion." *Id.* Reasonable reliance cannot be established where a party failed to make "reasonable inquiry into the misrepresentation" or where the party was not "denied the opportunity to investigate or . . . could not have learned the true facts by exercise of reasonable diligence." *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 454 (2015) (cleaned up; citation omitted).

Here, the undisputed material facts are clear and support entry of summary judgment in defendants' favor. Plaintiff's claims of fraud are based on, at bottom, defendants' repeatedly charging him for web hosting fees for which plaintiff had already paid. *See* [DE 126] at 17;[2] [DE 103-3]; [DE 103-7]; [DE 122-4] at 10-11. Indeed, the invoices for web hosting services show that plaintiff was being charged for services covering time periods for which he had already paid. *See* [DE 122-4] at 10-11. Accordingly, reasonable inquiry by plaintiff, or the exercise of reasonable diligence, would have revealed to him that defendants' requests for payment were inaccurate or fraudulent. Defendants are entitled to summary judgment on plaintiff's fraud claim because there is no dispute of material fact as to whether it was reasonable for plaintiff to rely defendant's false or fraudulent statements. *See RD & J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 745 (2004) (entry of summary judgment proper where one element of fraud claim is refuted). The Court does not discern any objection by plaintiff to the recommendation that plaintiff's additional theories of fraud either fail to state a claim or are insufficient as a matter of law. The Court has reviewed the recommendation as to plaintiff's alternate theories of fraud for clear error and finds none. Summary judgment in defendants' favor is appropriate on all of plaintiff's fraud claims.

Plaintiff also objects to entry of summary judgment in defendants' favor on his claim for obtaining property by false pretenses. "The essential elements for obtaining property by false pretenses consist[] of the following: '(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another."' *Seelig v. Solomon*, No. 5:16-HC-2030-FL, 2017 WL 829336, at *5 (E.D.N.C. Mar. 2, 2017) (citation omitted); *see*

[2] Citations to page numbers in documents filed on the Court's docket are to the page numbers generated by CM/ECF.

*also* N.C. Gen. Stat. § 1-538.2(c). The M&R found that plaintiff had not proffered any evidence which would tend to show that defendants' misrepresentations regarding plaintiff's fees were made with the intent to deceive rather than due to mistake. As Magistrate Judge Meyers noted, the receipts for plaintiff's web hosting services were generated by three different employees. *See* [DE 122-4] at 10-11; [DE 103-6] at 1.

In his objection, plaintiff fails to identify any evidence which could be reasonably construed by a jury as showing that defendants' misrepresentations were intended to deceive plaintiff. Plaintiff describes the email and invoice evidence as demonstrating that defendants, through their representatives, knew or should have known that, for example, two years of hosting was included in the October 2021 invoice, but plaintiff has pointed the Court to no evidence which would create a genuine issue of material fact as to whether defendants acted with the intent to deceive plaintiff. Summary judgment in defendants' favor is appropriate on plaintiff's claim for obtaining property by false pretenses.

Finally, the Court considers plaintiff's objection to the M&R's recommendation that plaintiff should not be permitted to proceed on his request for consequential damages based on his breach of contract claim.

> Under North Carolina law, an injured party is entitled to be fully compensated for his loss and to be placed as near as may be in the condition which he would have occupied had the contract not been breached. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979). When an action for breach of contract is brought, the damages recoverable in such an action are those that "naturally flow from the breach, and such special or consequential damages as are reasonably presumed to have been with[in] the contemplation of the parties at the time they made the contract, as the probable result of a breach of it." *Johnson v. Railroad Co.,* 140 N.C. 574, 577, 53 S.E. 362 (1906). Whether special damages arising from the breach of a contract may be regarded as "within the contemplation of the parties," and therefore recoverable, would depend upon the information communicated to or the knowledge of the parties at the time and the reasonable foreseeability of such damages.

*Blis Day Spa, LLC v. Hartford Ins. Grp.*, 427 F. Supp. 2d 621, 638 (W.D.N.C. 2006). North Carolina limits the damages recoverable to "those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made." *Id.* (quoting *Stanback*, 297 N.C. at 187).

Here, plaintiff argues that he has demonstrated that he is a properly registered contractor with the United States government offering private military security and that he solicited U.S. government security contracts. Plaintiff appears to seek approximately $300,000,000 in consequential damages based on what he contends was the more than likely chance that he would have been awarded a government security contract, which he was prevented from bidding on in 2023 because his website was taken down by defendant. *See* [DE 120] at 11; [DE 121] at 20. Plaintiff's evidence supporting his contention consists of his own documentation stating that he

> had hoped and planned to be prepared to submit bids for contracts for protection and security of U.S. Embassies in the middle east with a two-year plan, beginning in 2023, knowing it is a high-risk region, and contracts were as much as a billion USD. And my company, Blood Locust Inc LLC: Pursuant to FAR 31.205-22 can make 30%, and I estimate a loss of 300, million the loss if awarded to winning bid. And as the COE (sic), President, I can make 15 million a year annually.

[DE 122-7] at 2. In support, plaintiff relies on his description of a security services contract allegedly awarded to GardaWorld for $1.2 billion for the U.S. Embassy in Baghdad; plaintiff further notes that the United States "had $1.71 billion in open contract obligations related to Afghanistan as of March 2022." *Id.* at 3. Plaintiff contends that he is "confident [he] could have made a bid for [the] contract for Iraq" and would have been awarded the Iraq contract with a $1 billion bid. *Id.* at 4.

Plaintiff's expectation of damages is speculative and he has failed to proffer any evidence beyond his own belief that he would have been awarded a security contract. *See McNamara v.*

*Wilmington Mall Realty Corp*, 121 N.C. App. 400, 407 (1996). This is insufficient for the party whose burden it is to establish consequential damages. *Olivetti Corp. v. Ames Bus. Sys., Inc.*, 319 N.C. 534, 547 (1987); *see also HBC Ventures, LLC v. Holt MD Consulting, Inc.*, No. 5:06-CV-190-F, 2012 WL 4483625, at *5 (E.D.N.C. Sept. 27, 2012) ("conjecture about what might have happened" insufficient to support consequential damages). Plaintiff has not proffered any expert testimony, evidence of any prior U.S. government security contracts, or evidence which would support plaintiff's statement that his personal background and experience would be sufficient to be awarded a government security contract. *See, e.g., Iron Steamer, Ltd. v. Trinity Rest., Inc.*, 110 N.C. App. 843, 849 (1993) (noting that market analysis, financial data, and expert testimony may assist party with the burden to prove lost profits with reasonable certainty). Summary judgment in defendants' favor is appropriate on plaintiff's request for consequential damages, including future lost profits.

The Court has considered those portions of the M&R to which plaintiff has objected *de novo* and the remaining portions of the M&R for clear error. Plaintiff's objections to the M&R are overruled and, finding no clear error in those portions to which plaintiff has not objected, the M&R is adopted in its entirety.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the memorandum and recommendation are OVERRULED. The memorandum and recommendation [DE 126] is ADOPTED IN FULL.

Defendants' motion for summary judgment [DE 112] is DENIED as untimely. Pursuant to Fed. R. Civ. P. 56(f), summary judgment is GRANTED in defendants' favor on plaintiff's fraud claims, plaintiff's claim for obtaining property by false pretenses, the issue of consequential

damages, and the issue of punitive damages. Pursuant to Fed. R. Civ. P. 56(f), summary judgment is GRANTED in plaintiff's favor on his breach of contract claim.

The parties are permitted seven (7) days from the date of entry of this order to file documentary or other evidence establishing the appropriate amount of direct damages, up to a maximum of $1,034.00.

SO ORDERED, this 28 day of September 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE